IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEN EASTERLING,<br>　　　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 3:18-CV-2528-C-BH |
| U.S. BANK NATIONAL ASSOCIATION,<br>et al., | §<br>§<br>§ | |
| 　　　　Defendants. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are the plaintiff's *Request for...Default Judgment Under Fed. R. Civ. P. 55*, filed January 11, 2019 (doc. 8), and *U.S. Bank National Association's Motion to Strike Clerk's Entry of Default*, filed January 15, 2019 (doc. 11). Based on the relevant filings and applicable law, the defendant's motion should be construed as seeking to set aside the Clerk's entry of default and **GRANTED**, and the plaintiff's motion for default judgment should be **DENIED**.

**I. BACKGROUND**

On September 1, 2016, Ken Easterling (Plaintiff) sued U.S. National Bank Association (Defendant) in Texas state court, alleging debt collection violations and seeking declaratory relief and a temporary restraining order to enjoin a foreclosure sale of real property. (*See* No. 3:16-CV-3403-L, doc. 1 (First Lawsuit).) Defendant removed the action to federal court on December 9, 2016. (*See id.*) On December 6, 2018, it was recommended that Defendant's motions to dismiss and for summary judgment on its counterclaims for breach of contract and foreclosure in the First Lawsuit be granted, but that Plaintiff be afforded a final opportunity to amend his debt collection violations claim. (*See*

No. 3:16-CV-3403, doc. 36.)  On January 10, 2019, the court accepted the recommendation and entered judgment in Defendant's favor on all claims, except for Plaintiff's debt collection violations claim.  (*See id.*, docs. 41, 42.)  Plaintiff was afforded a final opportunity to amend his debt collection violations claim no later than January 23, 2019, and he was cautioned that the claim was subject to dismissal if he failed to amend.  (*See id.*, doc. 41 at 5-6.)

While Defendant's motions to dismiss and for summary judgment were pending in the First Lawsuit, Plaintiff filed this second lawsuit against it in state court again challenging foreclosure proceedings on August 24, 2018, and Defendant removed the case to this court on September 24, 2018.  (*See* doc. 1 at 1 (Second Lawsuit).)  According to the notice of removal, Defendant had not filed an answer in state court in the Second Lawsuit prior to removing it.  (*See* doc. 1-4 at 3.)  Because of the similarity of the issues in the Second Lawsuit to those in the First Lawsuit, the court found that "*aggregation* of both cases before the same U.S. Magistrate Judge [for full case management] was appropriate," and it reassigned the Second Lawsuit to the same magistrate judge as in the First Lawsuit.  (*See* doc. 4 (*emphasis added*).)  The order did not transfer the Second Lawsuit to the docket of the district judge in the First Lawsuit for possible consolidation with the First Lawsuit, or consolidate the cases, and they remained pending before different district judges.  (*See id.*)  Defendant did not file an answer or otherwise respond to the state petition within any of the time frames provided by Fed. R. Civ. P. 81(c)(2).

Plaintiff filed an amended complaint in the Second Lawsuit on October 26, 2018, and additional attachments on October 29, 2018.  (*See* docs. 5, 6.)  Defendant failed to file an answer or otherwise respond to the amended complaint.  Because of Defendant's failure to answer or respond to either complaint, Plaintiff was ordered to show cause in writing by January 21, 2019, why he had not requested entry of default and moved for a default judgment against Defendant, unless it filed an

answer or response prior to that date. (*See* doc. 7.) On January 11, 2019, Plaintiff filed a combined request for entry of default and for default judgment in the First Lawsuit. (*See* No. 3:16-CV-3403-L, doc. 43.) The Court found that Plaintiff had mistakenly filed his request in the nearly-concluded First Lawsuit in which a partial judgment in Defendant's favor had been entered, instead of in the new Second Lawsuit in which no answer had been filed, and ordered that the request be terminated in the First Lawsuit and filed in the Second Lawsuit. (*See id.,* doc. 44.) The request was then filed in the Second Lawsuit. (*See* doc. 8.)

Defendant now moves to strike the entry of default as premature. (*See* doc. 11.) It explains that based on the order aggregating the cases before the same magistrate judge, it believed that the court had consolidated the two cases, and it did not file an answer in the Second Lawsuit because it had a motion to dismiss pending in the First Lawsuit. (*See id*. at 1-2.)[1] Defendant filed its answer to Plaintiff's amended complaint on January 16, 2019. (*See* doc. 13.)

## II. MOTION TO SET ASIDE DEFAULT

Although Defendant's motion to strike the Clerk's entry of default as premature does cite a legal basis for the relief it seeks, it is construed as a motion to set aside the entry of default arising under Rule 55 of the Federal Rules of Civil Procedure instead of Rule 12(f).[2]

Under Rule 55(c), courts may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c); *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *10 (N.D. Tex. Mar.

---

[1]Defendant states that the court "incorrectly ordered that all future pleadings, motions, and other papers be filed under No. 3:18-cv-2528-C-BH instead of ordering all future pleadings, motions and other papers be filed under No. 3:16-cv-3403-L-BH. [Doc. 4]. That error lead to recent confusion with regard to U.S. Bank's purported failure to file an answer in 3:18-cv-2528-C-BH." (*See* doc. 11 at 1-2.) There was no error because the order did not, and was not intended to, consolidate the two cases, which are at materially different stages.

[2]Defendant does not address or explain its contention that the Clerk's entry of default was premature despite its failure to answer or respond to the Second Lawsuit within the time frames provided by Rule 81(c), and the Court does not so find.

25, 2004). The good cause standard is a liberal one. *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). In deciding whether a defendant has shown good cause, courts consider: (1) whether the failure to respond was due to excusable neglect; (2) whether the plaintiff would suffer prejudice if the default was set aside; and (3) whether the defendant has presented a meritorious defense. *Id.*; *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (adopting excusable neglect inquiry in place of willfulness); *see also Stevenson v. Verizon Wireless, LLC*, No. 3:08-CV-0168-G, 2009 WL 188188, at *2 & n. (N.D. Tex. Jan. 27, 2009) (applying excusable neglect factor in accord with *CJC Holdings*). These factors are nonexclusive; another factor often considered by courts is whether the party acted promptly to correct the default. *Effjohn*, 346 F.3d at 563. "The decision to set aside a default decree lies within the sound discretion of the district court." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

Excusable neglect is an "'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The term extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. Excusable neglect has been found to include late filings resulting from "mistake, inadvertence or carelessness . . . ." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, No. 3:07-CV-1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008); *see also UMG Recordings, Inc. v. Landers*, No. CIV.A. 07-1279, 2008 WL 60422, at *2 (W.D. La. Jan. 4, 2008) (excusing *pro se* defendant's delay in answering the complaint in the absence of evidence that he acted intentionally); *In re Waggoner*, No. 05-21523-RLJ-7, 2007 WL 3171740, at *5 (Bankr. N.D. Tex. Oct. 24, 2007) (excusing IRS's delay in answering complaint despite failure to proffer a reason).

Here, Defendant has explained that its failure to respond to the complaint resulted from its

mistaken belief, ostensibly based on a misreading of the order aggregating the lawsuits before the same magistrate judge for case management, that the Second Lawsuit had been consolidated with the First Lawsuit. (*See* doc. 11 at 2.)  This meets the "elastic" standard for excusable neglect. *Pioneer Inv. Servs. Co.*, 507 U.S. at 392.  There is also no indication that Plaintiff would suffer prejudice if the default were to be set aside, since Defendant has made an appearance before a ruling on the motion for default judgment.  *See Verity Instruments, Inc. v. KLA-Tencor Corp.*, No. 3:06-CV-0005-D, 2006 WL 929235, at *2 (N.D. Tex. Apr. 10, 2006) (requirement that plaintiffs litigate their claims caused no unfair prejudice).  Finally, because Defendant has already obtained a judgment in its favor on the foreclosure issue in the First Lawsuit, it appears to have a meritorious defense to Plaintiff's claims against it in this lawsuit. Because Defendant has shown good cause, its motion to set aside the entry of default should be granted.

### III. MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for a default judgment against Defendant.  (doc. 8.)

Rule 55 allows a default judgment to be entered against a party and provides the applicable procedure.  *See* Fed. R. Civ. P. 55.  There is a three-step process for securing a default judgment.  *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a party "has failed to plead or otherwise defend" against an action.  Fed. R. Civ. P. 55(a).  Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after an entry of default.  Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citation and internal quotation marks omitted).  Moreover, "a party is not entitled to a default judgment as a matter

of right, even where the defendant is technically in default." *Id*. (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). Courts may consider "the amount of money at stake, the possibility of a dispute concerning material facts, and the strong policy favoring decisions on the merits." *Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004) (citation omitted). The decision to enter a judgment by default is discretionary. *Id*.

Here, Defendant has now defended the case by filing a motion to set aside the default and an answer. Plaintiff therefore cannot satisfy the first requirement for a default judgment, e.g., failure "to plead or otherwise defend." Fed. R. Civ. P. 55(a); *New York Life Ins. Co.*, 84 F.3d at 141. In addition, Plaintiff cannot satisfy the second requirement for a default judgment, i.e., entry of default, because the Court is recommending that the entry of default be set aside. *Id*. Even though Defendant filed its motion after the Clerk entered default, Plaintiff is not entitled to default judgment as a matter of right. *See Lewis*, 236 F.3d at 767. In view of the damages sought, a decision on the merits is warranted. *See Stelax Indus., Ltd.*, 2004 WL 733844, at *11. Accordingly, Plaintiff's motion for default judgment should be denied.

## V. RECOMMENDATION

The plaintiff's *Request for...Default Judgment Under Fed. R. Civ. P. 55*, filed January 11, 2019 (doc. 8), is **DENIED**, and *U.S. Bank National Association's Motion to Strike Clerk's Entry of Default*, filed January 15, 2019 (doc. 11), is construed as a motion to set aside the Clerk's entry of default and **GRANTED**.

**SO RECOMMENDED** on this 16th day of January, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE