IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEN EASTERLING,<br>  Plaintiff, | §<br>§<br>§ |
| v. | § Civil Action No. 3:18-CV-2528-C-BH |
| U.S. BANK NATIONAL ASSOCIATION,<br>et al.,<br>  Defendants. | §<br>§<br>§<br>§ Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is the plaintiff's *Request for Clerk's Entry of Default Judgment Due to Mistake, Error or Inadvertance, and Default Judgment Under Fed. R. Civ. P. 55*, filed January 22, 2019 (doc. 16). Based on the relevant filings and applicable law, the plaintiff's motion for entry of default and default judgment should be **DENIED**.

### I.  BACKGROUND

A.  <u>First Lawsuit - No. 3:16-CV-3403-L</u>

On September 1, 2016, Ken Easterling (Plaintiff) sued U.S. National Bank Association (Defendant) in Texas state court, alleging debt collection violations and seeking declaratory relief and a temporary restraining order to enjoin a foreclosure sale of real property. (*See* No. 3:16-CV-3403-L, doc. 1 (First Lawsuit).) Defendant removed the action to federal court on December 9, 2016. (*See id.*) On December 6, 2018, it was recommended that Defendant's motions to dismiss and for summary judgment on its counterclaims for breach of contract and foreclosure in the First Lawsuit be granted, but that Plaintiff be afforded a final opportunity to amend his debt collection violations claim. (*See* No. 3:16-CV-3403, doc. 36.) On January 10, 2019, the court accepted the recommendation and

entered judgment in Defendant's favor on all claims, except for Plaintiff's debt collection violations claim. (*See id.*, docs. 41, 42.) Plaintiff was afforded a final opportunity to amend his debt collection violations claim no later than January 23, 2019, and he was cautioned that the claim was subject to dismissal if he failed to amend. (*See id.*, doc. 41 at 5-6.)

On January 11, 2019, Plaintiff filed a combined request for entry of default and for default judgment in the First Lawsuit. (*See id.*, doc. 43.) The Clerk of Court declined to enter default in the First Lawsuit on January 11, 2019.

By order dated January 14, 2019, the Court found that Plaintiff had mistakenly filed his request in the nearly-concluded First Lawsuit, so it ordered that the request be terminated in the First Lawsuit and that it be re-filed in a second pending lawsuit. (*See id.,* doc. 44.)

Plaintiff did not amend his debt collection violations claim by January 23, 2019.

**B.      Second Lawsuit - No. 3:18-CV-2528-C**

On August 24, 2018, while Defendant's motions to dismiss and for summary judgment filed in the First Lawsuit were pending, Plaintiff filed this second lawsuit in state court again challenging foreclosure proceedings, and Defendant removed it to this court on September 24, 2018. (*See* doc. 1 at 1 (Second Lawsuit).) According to the notice of removal, Defendant did not file an answer in state court in the Second Lawsuit prior to removing it. (*See* doc. 1-4 at 3.) Defendant did not file an answer or otherwise respond to the state petition in the Second Lawsuit within any of the time frames provided by Fed. R. Civ. P. 81(c)(2).

Plaintiff filed an amended complaint in the Second Lawsuit on October 26, 2018, and additional attachments on October 29, 2018. (*See* docs. 5, 6.) Defendant again failed to file an answer or otherwise respond to the amended complaint. Because of Defendant's failure to answer or respond

to either complaint, Plaintiff was ordered to show cause in writing by January 21, 2019, why he had not requested entry of default and moved for a default judgment against Defendant, unless it had filed an answer or response prior to that date.  (*See* doc. 7.)

On January 11, 2019, Plaintiff's request for default and default judgment was filed in the Second Lawsuit based on the order in the First Lawsuit. (*See* doc. 8.)  On January 14, 2019, the Clerk entered default against Defendant in the Second Lawsuit. (*See* doc. 9.)  Later that day, Defendant moved to consolidate both cases, and the motion was denied on the following day. (*See* docs. 10, 12.)

On January 15, 2019, in the Second Lawsuit, Defendant moved to strike the entry of default as premature. (*See* doc. 11.)  It explained that based on an order aggregating the cases before the same magistrate judge, it believed that the court had consolidated the two cases, and it did not file an answer in the Second Lawsuit because it had a motion to dismiss pending in the First Lawsuit. (*See id*. at 1-2.)  Defendant filed its answer to Plaintiff's amended complaint in the Second Lawsuit on January 16, 2019. (*See* doc. 13.)  On January 16, 2019, it was recommended that the motion to strike be construed as a motion to set aside the entry of default and granted, and that Plaintiff's motion for default judgment be granted. (*See* doc. 14.)

C.    **Aggregation of Cases**

Because of the similarity of the issues in the Second Lawsuit to those in the First Lawsuit, the court found that "*aggregation* of both cases before the same U.S. Magistrate Judge [for full case management] was appropriate," and it reassigned the Second Lawsuit to the same magistrate judge as in the First Lawsuit. (*See* doc. 4 (*emphasis added*).)  The order did not transfer the Second Lawsuit to the docket of the district judge in the First Lawsuit for possible consolidation with the First Lawsuit, or consolidate the cases, and they remained pending before different district judges. (*See id.*)  As

noted, Defendant's motion to consolidate the two cases was denied because the two cases were at materially different stages; one was nearly concluded after two years of litigation while the other had just begun. (*See* doc. 12.)

## II. MOTION FOR ENTRY OF DEFAULT

On January 22, 2019, Plaintiff re-filed his request for entry of default and default judgment in this Second Lawsuit. (*See* doc. 16.) He appears to contend that he thought both cases were consolidated under the number of the Second Lawsuit, and he complains of the Court's failure in the First Lawsuit to reference consolidation and allow him to correct any errors. (*See id.* at 2-3.) He "demands the Clerk of Court to file the clerk's Entry of Default, without further delay." (*See id.* at 5.)

As explained in the order denying Defendant's motion to consolidate the cases, **the two cases have never been consolidated**. (*See* doc. 12 at 2.) They were only assigned to the same magistrate judge for full case management, but each case remained separately pending before a different district judge. (*See id.*) Accordingly, there has been no error or failure to reference consolidation of the cases. The court never intended to consolidate the two cases because they were at materially different stages. (*See id.*) One was almost over, and the other one was just beginning. It merely intended to have both cases managed by the same magistrate judge for the sake of consistency.

As for Plaintiff's claim that he was not given notice or allowed to correct any order, the Court acknowledged that he was trying to comply with the order to show cause in the Second Lawsuit and ordered that his request for entry of default and default judgment be correctly filed in the Second Lawsuit. The docket reflects that the request was actually filed in that Second Lawsuit by the Clerk. Accordingly, there was no need for an opportunity to correctly file the request in the proper lawsuit;

4

it had already been filed in the correct lawsuit. In fact, the Clerk of Court acted on Plaintiff's request for entry of default in the Second Lawsuit and entered default against Defendant on January 11, 2019. That entry of default remains pending. Because default has already been entered, and the Court has not yet accepted the recommendation that the entry of default be set aside, Plaintiff's new motion for entry of default is unnecessary and moot.

### III. MOTION FOR DEFAULT JUDGMENT

Plaintiff again moves for a default judgment against Defendant. (*See* doc. 16.) His motion is subject to denial for the same reason as his prior motion.

Rule 55 allows a default judgment to be entered against a party and provides the applicable procedure. *See* Fed. R. Civ. P. 55. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id*.; *New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citation and internal quotation marks omitted). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). Courts may consider "the amount of money at stake, the possibility of a dispute concerning material facts, and the strong policy favoring decisions on the merits." *Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004) (citation omitted).

The decision to enter a judgment by default is discretionary. *Id*.

Defendant has now defended the case by filing a motion to set aside the default and an answer. Plaintiff therefore cannot satisfy the first requirement for a default judgment, e.g., failure "to plead or otherwise defend." Fed. R. Civ. P. 55(a); *New York Life Ins. Co.*, 84 F.3d at 141. In addition, Plaintiff cannot satisfy the second requirement for a default judgment, i.e., entry of default, because it has been recommended that the motion to set aside the entry of default be granted, and that the entry of default be set aside. *Id*. Even though Defendant filed its motion after the Clerk entered default, Plaintiff is not entitled to default judgment as a matter of right. *See Lewis*, 236 F.3d at 767. In view of the damages sought, a decision on the merits is warranted. *See Stelax Indus., Ltd.*, 2004 WL 733844, at *11. Accordingly, Plaintiff's new motion for default judgment should be denied, and the Second Lawsuit should proceed.

## V. RECOMMENDATION

The plaintiff's motion for default judgment should be **DENIED**.

**SO RECOMMENDED** on this 24th day of January, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE