BH

ORIGINAL

Kenneth Easterling
c/o 1233 High Bluff Drive
Desoto Texas 75115

Email: Ken_easterling@yahoo.com

Sui Juris

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2019 JUN 21  PM 3: 13

DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Kenneth Easterling, an individual,<br><br>Plaintiff(s),<br><br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, a corporation, and DOES I thru X.<br><br>Defendant(s). | Case No.: 3:18-CV-2528-C-BH<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**AMEND. VII TRIAL BY JURY IS HEREBY DEMANDED**<br><br>**UNITED STATES MAGISTRATE JUDGE IRMA CARILLO RAMIRIZ** |

**TO THIS HONORABLE COURT AND ALL PARTIES IN INTEREST**

Plaintiff, Kenneth Easterling, sui juris, not a corporation, acting without counsel and not learned in the law wishes to thank this Hon. Court for its support in clarifying the intent of plaintiff's "amended motion for reconsideration" filed in the

1
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Easterling v. US BANK, et al, et al.

record on June 9, 2019, herein styled as Plaintiff's Opposition To Defendant's Motion For Summary Judgment.

Plaintiff also wishes to thank this Hon. Court for supporting the well-settled and long-held decision in *Platsky*,[1] and infra, pg. 7, and *Haines v.Kerner*, pg. 8, by helping plaintiff to seek justice in defending his rights without prejudice.

Further, Plaintiff thanks the Magistrate Judge for her explanation of why the motion was denied and how to correct plaintiff's error, mistake, or inadvertence.

. Plaintiff opposes the motion of defendant for summary judgment for several reasons pursuant to FRCP Rule 12 (b)(6), failure to state a claim upon which relief can be granted. The material facts in this matter remain as stated in prior brief and motions, to wit:

1) At no time since this matter began upon allegations that the alleged defendant, U.S. BANK NATIONAL ASSOCIATION, claimed in any of these proceedings, never has the alleged defendant with personal knowledge of the facts presented any **_verified proof of claim or proof of loss_**.

   a) All that has ever been presented to this Hon. court by defendant are "… statements of counsel in brief or in argument.[2]

---

[1] B. Platsky v. CIA, 952 F. 2d 25, 26, 28 (2nd Circuit 1991), "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings." *Sims v. Aherns*, 271 SW 720 (1925)

[2] Trinsey v Pagliaro, D.C.Pa. 1964, 229 F.Supp. 647. (1964) "Statements of counsel in brief or in argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." "On the record before us the arbitration proceedings on appeal concern plaintiff Trustee's claims for back pay and collateral [229 F.Supp. 649] matters under an agreement between the parties. There is nothing before us which

2
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Easterling v. US BANK, et al, et al.

b) It is a Maximum of Law that attorneys cannot serve as witnesses at the same time they are representing their client.

c) At no time since this matter began has any real party in interest[3] with, or without personal knowledge of the facts come forward.

d) At no time since this matter began has any defendant with personal knowledge of the facts come forward to rebut any facts **_verified, affirmed or attested to_** by plaintiff with opposing facts under the pains and penalties of perjury.[4],[5]

e) Plaintiff has challenged and again challenges all alleged facts made by defendant in the instant matter.

f) Counsel for the defense, one Crystal G. Gibson, it is not now and never has been a party to the instant matter and has no personal knowledge of the facts.

---

would warrant a determination that the arbitration proceedings will in any way determine title to the land involved, notwithstanding the statement at argument that a counterclaim had been filed in the arbitration proceedings by defendant which raised the questions previously before the Montgomery County Court, and furthermore, no mention was made of the May 13, 1960 blank deed in this counterclaim insofar as we are able to determine from the oral argument or the record."..."The defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12 (b)(6) and 56(c). Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment."  WOOD, District Judge

[3] F.R.Civ. Pro. 17, "[a]n action must be prosecuted in the name of the real party in interest." PENHALLOW v. DOANE'S ADM'RS, 3 U.S. 54 (1795); and Rule 17, requires a real party in interest, a living body, a man or woman, to wit: [FRCP] Rule 17. Plaintiff and Defendant; Capacity; Public officers  (a)  Real Party in Interest. (1) Designation in General.  An action must be prosecuted in the name of the real party in interest(emphasis added)

[4] Federal Rules of Evidence RULE 902 1(B), and (8) EVIDENCE THAT IS SELF-AUTHENTICATING The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:  (1) Domestic Public Documents That Are Sealed and Signed. A document that bears: (B) a signature purporting to be an execution or attestation.

[5] The tenth maxim of law is: A LIEN OR CLAIM CAN BE SATISFIED ONLY THROUGH REBUTTABLE BY AFFIDAVIT POINT BY POINT, RESOLUTION BY JURY, OR PAYMENT.

3
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Easterling v. US BANK, et al, et al.

This matter is between the defendant, U.S. BANK NATIONAL ASSOCIATION, and plaintiff, Kenneth Easterling.

g) As counsel for the defense, Gibson has no personal knowledge of the facts to which she claims are before this Hon. Court in the record.

h) Again, Plaintiff challenges this claim that is unproven in that she is, in fact, incapable of presenting facts before the court, to wit: *Trinsey v. Pagliaro*, D.C.Pa. 1964, 229 F.Supp. 64.

i) Plaintiff on more than one occasion has pointed this out to this Hon. Court.

j) This court is required to recognize the well-settled and long-held decisions of the "...judges in every state."[6],[7]

---

[6] "This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made under the authority of the United States, shall be the supreme law of the land; and the Judges in every State shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding.' Art. VI, clause 2, Constitution for the United States of America, circa 1787.

[7] "The defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b) (6) and 56(c). Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment." WOOD, District Judge

4
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Easterling v. US BANK, et al, et al.

k) This Court would have to ignore the well-settled and long-held decisions of the superior Ninth Circuit Court of Appeals, and specifically as held against US Bank.[8],[9]

l) Plaintiff demands his rights to review the evidence first-hand, under the pains and penalties of a true party in interest with personal knowledge of the facts, in order to see if it is the genuine (supra) promissory note and deed properly indorsed. Defendant is required to follow all generally accepted accounting principles (GAAP), National Bank Regulations, Securities Exchange Commission (SEC) and Financial Accounting Standards 140 (FAS 140) regulations.

---

[8] *HUFFMAN v. WIKLE*, No. 75-3713, 9th Circuit Court of Appeals. And Further, "... the change of possession must be actual not merely constructive. Bunting v. Saltz, 84 Cal. 168, 24 P. 167. It must be 'open and unequivocal, carrying with it the usual marks and indications of ownership.' *Stevens v. Irwin*, 15 Cal. 503, 76 Am.Dec. 500." (emphasis added)"

And, "...While [recording in the county] ...may serve as notice to interested parties who check the county records, this is not sufficient notice to perfect a security interest in pledged instruments, nor is it the type of notice intended or provided by the Uniform Commercial Code. Under the Code, the only notice sufficient to inform all interested parties that a security interest in instruments has been perfected is <u>actual possession by the secured party, his agent or bailee</u>."

[9] "The record contains a copy of an assignment of the note from Novastar to Mellon, but the document was never offered into "evidence," by being attached to an affidavit for purposes of authentification. (sic) As such, it is not competent evidence of the assignment and cannot be considered in ruling on Mellon's motion. **See, e.g., Morrison v. U.S. Bank, N.A.**, 66 So.3d 387, 387 (Fla. 5th DCA 2011) (reversing summary judgment of foreclosure where defendant asserted she had not received a notice of default as required by mortgage, and bank had simply filed an unauthenticated notice letter)." "The record contains a copy of an assignment of the note from Novastar to Mellon, but the document was never offered into "evidence," by being attached to an affidavit for purposes of authentification. (sic) As such, it is not competent evidence of the assignment and cannot be considered in ruling on Mellon's motion. See, e.g., Morrison v. U.S. Bank, N.A., 66 So.3d 387, 387 (Fla. 5th DCA 2011) (reversing summary judgment of foreclosure where defendant asserted she had not received a notice of default as required by mortgage, and bank had simply filed an unauthenticated notice letter)."

m) Plaintiff believes he has not received the proper consideration by the Hon. Judge of this court in notifying plaintiff of any mistakes, errors or inadvertence is, and in failing to provide adequate counsel on how to correct said mistakes, errors or inadvertences.

n) Plaintiff believes he has not received his due process rights.

Plaintiff respectfully requests this Hon. Court reconsider the prior decision in denying plaintiff his rights to discovery and a trial by jury in this matter exceeding $20.

Plaintiff believes there is in fact a dispute deemed "genuine" that any reasonable juror could see that no one has presented any _verified facts_ before this court by or for defendant.

Plaintiff respectfully demands his rights to subrogate the appearance bond in the instant matter in order to discharge all liabilities of all parties to this matter, and to return to Plaintiff all amounts above those required to discharge any alleged debt, interest, and so on that may be required to quiet the alleged claims.

Plaintiff has presented verified facts.

All facts remain unrebutted be defendant, therefore standing as facts before the court. Federal Rules of Evidence 902 1(B), and (8), supra.

> "The non-movant "must come forward with 'specific facts showing there is a genuine issue for trial.'"3 "A factual dispute is deemed 'genuine' if a reasonable juror could return a verdict for the nonmovant, and a fact is considered 'material' if it might affect the outcome of the litigation under the governing substantive law.", Citing the case of Cross v. Cummins Engine Co., 993 F.2d 112, 114 (5th Cir. 1993).

6
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Easterling v. US BANK, et al, et al.

Plaintiff agrees with this citation and urges the court to hold counsel to the same standards as it seems to hold the pro se litigant, or live up to its obligations to inform plaintiff how he has erred and how he can repair this error, mistake or inadvertence, without suffering the loss of his rights of due process.. (*Platsky*, infra).

Again, plaintiff challenges each and every statement of defendant in that not one is verified, and not one is by a party with first hand knowledge, and not one has been substantiated by the production of documents. Each of the documents which defendant claims to have in its possession must be verified by a living man, with first-hand, personal knowledge of the facts, not "hearsay" as has been has relied upon by counsel for the defendant in this multi-year series of hearsay, innuendo and, constructive fraud upon this Hon. Court,

In addition, plaintiff believes counsel for defendant has asserted "…undisputed pleaded facts, admissions, affidavits, stipulations, documentary evidence, matters to which official notice may be taken, in any other evidentiary material properly submitted in connection with a motion for summary disposition", none of which are verified, and all of which have been challenged multiple times by plaintiff, timely, in these Hon. courts.

> B. Platsky v. CIA, 952 F. 2d 25, 26, 28 (2nd Circuit 1991), "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings." <u>Sims v. Aherns</u>, 271 SW 720 (1925)

7
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Easterling v. US BANK, et al, et al.

"Pro Se action-at-laws are held to less stringent standards than formal pleadings by lawyers, and regardless of who represents the Plaintiff, a motion to dismiss is not to be granted unless it appears beyond doubt that the Plaintiffs can prove no set of facts which would entitle them to relief."

Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient. which we hold to less stringent standards than formal pleadings drafted by lawyers." *Fortney v. U.S.*, C.A.9 (Nev.) 1995, 59 F.3d 117. The United States Supreme Court, in *Haines v. Kerner* 404 U+D1116:D1118.

Model Code of Judicial Conduct, R. 2.6(A), 2.2. to "accord to every person in a proceeding the right to be heard according to law".

The court record will show defendant, U.S. BANK NATIONAL ASSOCIATION, subject to all federal, state, commercial, banking, financial accounting standards, banking regulations, generally accepted accounting principles the Code of Civil Procedure has failed in the following ways from the very beginning of this foreclosure, and throughout this instant matter before this Hon. court.

Prior to the initiation of the instant matter defendant was timely served notice and demand four times which they failed to rebut, thereby defaulting by silence in tacit procuration of said notices and demands, to wit:

Code Civ. Proc. § 2074. An offer in writing to pay a particular sum of money, or to deliver a written instrument or specific personal property, is, if not accepted, equivalent to the actual production and tender of the money, instrument, or property.
"A tender of the proper amount due, even if rejected, extinguishes the lien and precludes foreclosure* ( See, *Winnett v. Roberts*, 179 Cal App.3d 909, 902; Lichtv v. Whitney, supra, 80 Cal. App.2d 696, 701; In Winnett the court held that a tender of the principal amount without interest was sufficient because the note was usurious and the creditor was not entitled to receive interest.

8
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Easterling v. US BANK, et al, et al.

UCC 3-603(1)
(a) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.
(b) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.
 (c) If tender of payment of an amount due on an instrument is made to a person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If presentment is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument.

## REQUEST

Plaintiff respectfully requests this Hon. Court reject defendant's motion for summary judgment.

Plaintiff reserves his right to an Amend. VII Trial By Jury should this Hon. court not find sufficient reason to grant plaintiff's Rule 12 (b)(6) opposition to defendant's Notice of Motion and Motion for Summary Judgment.


Respectfully submitted:

Dated: _June 21_____, 20_19_

*Kenneth Easterling*
Kenneth Easterling, Plaintiff
Sui Juris, All Rights Reserved,
UCC 1-308, Without Prejudice

9
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Easterling v. US BANK, et al, et al.

## VERIFICATION

I, the undersigned, hereby Attest, Affirm and Declare that:

I am the Plaintiff in the foregoing document entitled **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.**

I have read and know the contents thereof and certify that the matters stated therein are facts of my own knowledge, except as to those matters, which are therein stated upon my information or belief, and as to those matters I believe them to be correct.

I declare under the penalty of perjury of the Laws of Texas, that the foregoing is correct and complete to the best of my knowledge, information and belief, and that this verification is executed in Desoto, Texas and is dated this nineteenth day of the tenth month, two thousand and nineteen, in the two hundred forty-second year of the Independence of Republic for the united States of America.

_Kenneth Easterling_
Kenneth Easterling, A.R.R.
UCC 1-308, Without Prejudice

## PROOF OF SERVICE

## TO AGENT AUTHORIZED FOR SERVICE BY USPS Mail

I, the undersigned, herein attest and declare that I am over the age of eighteen years and I am a party to the within entitled action. I live in Texas State Republic, in Dallas County.

I hereby declare under the penalty of perjury, that I served the foregoing document entitled, PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, by USPS Mail Certified mail as follows:

Barrett Daffin Frappier Turner & Engel, LLP
Crystal G. Gibson, SB# 24027322
4004 Belt Line Rdlk Ste 100
Addison TX 75001

Phone:   972-340-7901

I declare under the pains and penalties of perjury of the Laws of Texas State and these United States of America, that the foregoing is correct and complete to the best of my knowledge, information and belief, and that this declaration is executed in Desoto and is dated this nineteenth day of the sixth month, in the year of our Lord two thousand and nineteen.

*Kenneth Easterling*
Signature

11
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Easterling v. US BANK, et al, et al.