IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEN EASTERLING,<br>  Plaintiff, | § § § | |
| v. | § | Civil Action No. 3:18-CV-2528-C-BH |
| U.S. BANK NATIONAL ASSOCIATION,<br>et al., | § § § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Before the Court is the plaintiff's *Notice of Motion and Motion for Default Judgment for Second Failure of Defendant to Timely Answer Plaintiff's Motions*, filed August 5, 2019 (doc. 41). Based on the relevant filings and applicable law, the plaintiff's motion for default judgment should be **DENIED**.

## I. BACKGROUND

Ken Easterling (Plaintiff) sued U.S. National Bank Association (Defendant) in Texas state court on August 24, 2018, alleging debt collection violations in connection with his mortgage. (*See* doc. 1-1 at 2-14.)[2] Defendant removed the case to federal court on September 24, 2018. (*See* doc. 1 at 1.) According to the notice of removal, Defendant did not file an answer in state court prior to removal. (*See* doc. 1-4 at 3.) Defendant did not file an answer or otherwise respond to the state petition within any of the time frames provided by Fed. R. Civ. P. 81(c)(2).

Plaintiff filed an amended complaint on October 26, 2018, and additional attachments on October 29, 2018. (*See* docs. 5, 6.) Defendant again failed to file an answer or otherwise respond to

---

[1]By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

the amended complaint. Because of Defendant's failure to answer or respond to either complaint, on January 7, 2019, Plaintiff was ordered to show cause in writing by January 21, 2019, why he had not requested entry of default and moved for a default judgment against Defendant, unless it filed an answer or response prior to that date. (*See* doc. 7.)

On January 11, 2019, Plaintiff requested entry of default and default judgment, and on January 14, 2019, the Clerk entered default against Defendant. (*See* docs. 8, 9.) On January 15, 2019, Defendant moved to strike the entry of default as premature. (*See* doc. 11.) It explained that based on an order aggregating this case and a prior related lawsuit by Plaintiff before the same magistrate judge, it believed that the court had consolidated the two cases, and it did not file an answer because it had a motion to dismiss pending in the prior lawsuit. (*See id*. at 1-2.) Defendant filed its answer to Plaintiff's amended complaint on January 16, 2019. (*See* doc. 13.) On January 16, 2019, it was recommended that the motion to strike be construed as a motion to set aside the entry of default and granted, and that Plaintiff's motion for default judgment be denied. (*See* doc. 14.)

On January 22, 2019, Plaintiff again moved for entry of default and for default judgment. (*See* doc. 16.) The Clerk declined to enter default because a responsive pleading had been filed, and it was recommended on January 24, 2019, that the motion for default judgment be denied. (*See* doc. 17.) The recommendations that the entry of default be set aside and that the motions for default judgment be denied were adopted on January 31, 2019, and February 8, 2019. (*See* docs. 21, 24.)

On April 22, 2019, Defendant moved for summary judgment. (*See* doc. 25.) After obtaining an extension of time to respond but missing it, Plaintiff ultimately filed his objection to the summary judgment motion on June 21, 2019. (*See* docs. 29, 30, 36.) On July 3, 2019, he again requested entry of default against Defendant, and the Clerk again declined. (*See* doc. 37.) Plaintiff now seeks entry

of default judgment based on Defendant's failure to respond to his objection. (*See* doc. 41 at 4.)

## II. MOTION FOR DEFAULT JUDGMENT

Rule 55 allows a default judgment to be entered against a party and provides the applicable procedure. *See* Fed. R. Civ. P. 55. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id*.; *New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citation and internal quotation marks omitted). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id*. (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). Courts may consider "the amount of money at stake, the possibility of a dispute concerning material facts, and the strong policy favoring decisions on the merits." *Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004) (citation omitted). The decision to enter a judgment by default is discretionary. *Id*.

Defendant has defended the case by filing a motion to set aside the default, which has been granted, as well as an answer. It has also now moved for summary judgment. Plaintiff therefore cannot satisfy the first requirement for a default judgment, e.g., failure "to plead or otherwise defend." Fed. R. Civ. P. 55(a); *New York Life Ins. Co.*, 84 F.3d at 141. Nor can he satisfy the second requirement because the Clerk of Court has declined to re-enter default based on the filing of a

3

responsive pleading. Without a prior entry of default, a party has no basis to seek a default judgment. Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Finally, the failure to respond to Plaintiff's objection to Defendant's summary judgment motion is also not a basis for entry of default judgment. Like his first two motions, his third motion for default judgment is subject to denial.

### III. RECOMMENDATION

The plaintiff's motion for default judgment should be **DENIED**.

**SO RECOMMENDED** on this 9th day of August, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE