IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEN EASTERLING,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 3:18-CV-2528-C-BH |
| U.S. BANK NATIONAL ASSOCIATION,<br>et al.,<br>    Defendants. | §<br>§<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Before the Court is *Defendant U.S. Bank National Association's Motion for Summary Judgment*, filed April 22, 2019 (doc. 25). Based on the relevant filings and applicable law, the motion for summary judgment should be **GRANTED**, and the claims against the unnamed "DOE" Defendants should be dismissed *sua sponte*.

## I. BACKGROUND

This case involves a dispute over real property located at 1233 High Bluff Drive, Desoto, Texas 75115 (the Property). (doc. 5 at 1-2.)[2] On August 4, 2003, Ken Easterling (Plaintiff) executed a promissory note (Note) in favor of Military Mortgage, a DBA of American Investment (Military Mortgage), for a loan in the principal amount of $240,000.00. (doc. 6 at 4, 17-18.) He also executed a deed of trust (Deed of Trust) that granted a security interest in the Property to Military Mortgage to secure repayment under the Note. (*Id*. at 42-67.) Under the terms of the Note and the Deed of Trust, Plaintiff would be in default if he failed to timely pay the full amount of each required monthly payment, and subject to acceleration of the loan and foreclosure proceedings on the Property. (*Id*. at

---

[1]By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

17, 45.)  The Deed of Trust was eventually assigned to Defendant.  (*Id.* at 109-10.)

In June 2011, Plaintiff failed to submit the required monthly payments under the Note and the Deed of Trust and was held in default. *See Easterling v. U.S. Bank Nat'l Ass'n*, No. 3:16-CV-3403-L-BH, 2018 WL 7266516, at *1 (N.D. Tex. Dec. 6, 2018), *adopted by* 2019 WL 156264 (N.D. Tex. Jan. 10, 2019)  Despite receiving written notice of the default and an opportunity to cure, he failed to cure the default, and Defendant accelerated all amounts due and owing under the Note. *Id.*  Plaintiff received notice that the Property was scheduled for foreclosure sale on January 3, 2012. *Id.*

## A.    <u>Prior Lawsuit</u>

On September 1, 2016, Plaintiff sued Defendant in Texas state court, alleging debt collection violations and seeking declaratory relief and a temporary restraining order to enjoin a foreclosure sale of the Property. (*See* No. 3:16-CV-3403-L, doc. 1 (Prior Lawsuit).)  On November 10, 2016, Defendant filed its answer, asserted a counterclaim for breach of contract, and sought judgment authorizing it to judicially foreclose on the Property. (*Id.*, doc. 1-1 at 16-22.)  Defendant removed the action to federal court on December 9, 2016, and on May 29, 2018, it moved to dismiss Plaintiff's claim and for summary judgment on its counterclaim. (*Id.*, docs. 1-1, 17, 18.)  Plaintiff moved to dismiss Defendant's counterclaim for foreclosure on September 4, 2018. (*Id.*, doc. 31.)

On December 6, 2018, it was recommended that Defendant's motions to dismiss and for summary judgment on its counterclaims for breach of contract and foreclosure be granted, but that Plaintiff be afforded a final opportunity to amend his debt collection violations claim.  (*See id.*, doc. 36.)  On January 10, 2019, the district court accepted the recommendation and entered judgment in Defendant's favor on all claims, except for Plaintiff's debt collection violations claim.  (*See id.*, docs.

2

41, 42.)  Plaintiff was afforded a final opportunity to amend his debt collection violations claim no later than January 23, 2019, and he was cautioned that the claim was subject to dismissal if he failed to amend.  (*See id.*, doc. 41 at 5-6.)  He did not amend his debt collection violations claim.

## B.    Current Lawsuit

On August 24, 2018, while Defendant's motions to dismiss and for summary judgment in the Prior Lawsuit were pending, Plaintiff filed this lawsuit in Texas state court, alleging that Defendant "failed to validate debt associated with [his] mortgage."  (*See* doc. 1-1 at 2 (Current Lawsuit).)  He attached a qualified written request (QWR) dated June 28, 2018, that he had sent to Defendant demanding information validating the mortgage on the Property.  (*Id.* at 3-16.)

Defendant removed the state action on September 24, 2018.  (*See* doc. 1-4 at 3.)  Plaintiff filed an amended complaint on October 26, 2018, and additional attachments on October 29, 2018.  (*See* docs. 5, 6.)  It asserts a claim for "wrongful foreclosure" and challenges Defendant's standing to foreclose on the Property, but appears to abandon the breach of contract claim based on its alleged failure to respond to the June 28, 2018 QWR.  (*Id.*)  It also names "DOE" defendants "who may become known throughout this proceeding," but does not assert any claims against them. (*Id.* at 2.)

On April 22, 2019, Defendant moved for summary judgment on grounds that the claims in the Current Lawsuit are barred under the doctrines of res judicata and collateral estoppel.  (doc. 25.)  On May 24, 2019, Plaintiff responded to the motion (doc. 31); he filed an amended response on June 10, 2019 (doc. 33).  Defendant replied on June 12, 2019.  (doc. 35.)[3]

---

[3]On June 21, 2019, Plaintiff filed his "Opposition to Defendant's Motion for Summary Judgment." (*See* doc. 36.) This "Opposition" is liberally construed as Plaintiff's surreply. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring the courts to construe pro se pleadings liberally); *Erickson v. Pardus*, 551 U.S. 89 (2007) (same).  In his surreply, Plaintiff does not raise any new arguments or factual information. (*See* doc. 36.)  Nevertheless, he was required to seek leave of court before filing a surreply in compliance with the local rules because he has already filed a timely response. *See* L.R. 56.7.  Because Plaintiff did not seek leave to file his surreply, "it will not be considered." *Neely v. Khurana*, No. 3:07-CV-1344-D, 2009 WL 1605649, at *3 n.4 (N.D. Tex. June 5, 2009).  Even if considered, however, Plaintiff's surreply

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If it "bears the burden of proof on an issue, either because [it] is the plaintiff or as a defendant [it] is asserting an affirmative defense, [it] must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). The moving party can also meet its summary judgment burden by "pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325 (internal quotation omitted).  There is "no genuine issue as to any material fact [where] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

Once the movant meets its summary judgment burden, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 324.  It must go beyond its pleadings and designate

---

would not change the findings or ultimate recommendation on Defendant's motion for summary judgment.

specific facts to show there is a genuine issue for trial. *Id.*; *Anderson*, 477 U.S. at 249.[4]  Although courts generally liberally construe the pleadings of a *pro se* plaintiff, *see Haines*, 404 U.S. at 520, Rule 56 imposes no obligation "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).  Parties must "identify specific evidence in the record" supporting challenged claims and "articulate the precise manner in which that evidence supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).  While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).

Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to its case and as to which it will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322-23.

### III.  RES JUDICATA

Defendant contends that Plaintiff's claims against it are barred by res judicata because the claims invoke the same nucleus of operative facts as the Prior Lawsuit. (doc. 26 at 7-9.)

The "rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer v. Murphy Oil*

---

[4]"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)).

*USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013); *see also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'").   "True res judicata" or "claim preclusion . . . bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."  *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted).  This doctrine has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions."  *Comer*, 718 F.3d at 466-67.  As with all affirmative defenses, the burden of proving claim preclusion "rests on the party claiming the benefit of the doctrine."  *Patterson v. Dean Morris, L.L.P.*, No. 08-5014, 2011 WL 1791235, at *6 (E.D. La. May 6, 2011) (citation omitted); *accord Taylor*, 553 U.S. at 907.

A.    **Prior Final Judgment**[5]

While this lawsuit was pending, on January 10, 2019, the court granted Defendant's motion to dismiss Plaintiff's claims in the Prior Lawsuit and its motion for summary judgment, holding that it could judicially foreclose on the Property. (*See* Prior Lawsuit, docs. 41, 42.)

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000).  A Rule 12(b)(6) dismissal with prejudice is a final judgment on the merits for res judicata purposes.  *Stevens v. Bank of America, N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) ("Generally, a federal court's dismissal with prejudice is a final judgment on the merits for res judicata purposes.") (citing *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d

---

[5]Because the first two elements are undisputed (*see* doc. 26 at 8; docs. 31, 33), only the third and fourth elements are discussed.

6

398, 401 (5th Cir. 2009)).  Further, summary judgment is a final judgment on the merits. *See Vines v. Univ. of Louisiana at Monroe*, 398 F.3d 700, 705 (5th Cir. 2005) ("A judgment that determines the merits in whole or in part is a final judgment.") (citation omitted).

"Generally, if two actions are pursued simultaneously, the first judgment to be entered is entitled to res judicata effect without regard to the order in which the two actions were commenced." *F.D.I.C. v. Nelson*, 19 F.3d 15 (5th Cir. 1994) (per curiam) (unpublished) (citing 18 Charles Alan Wright, et. al., Federal Practice and Procedure § 4402 at 22, 24 (1981)) (citations and quotation omitted); *see also Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 712 (5th Cir. 2005) ("[W]hen two suits are pending based on the same claim or issue, the first final judgment rendered becomes conclusive in the other action.") (citation omitted); *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 n. 3 (5th Cir. 1996) ("When two suits are pending simultaneously in two different courts, preclusiveness of one as to the other is determined not by which was filed first, but by which reaches judgment first.").  Nevertheless, if there are two concurrently pending lawsuits involving the same cause of action, and "the parties have agreed in terms or in effect that the plaintiff may split [its] claim, or the defendant has acquiesced therein," then the defendant is considered to have waived the res judicata defense. *See Super Van, Inc., v. City of San Antonio (In re Super Van )*, 92 F.3d 366, 371 (5th Cir. 1996) (citing Restatement (Second) Judgments § 26(a)(1)); *accord Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 899 (5th Cir. Nov. 3, 2009), *cert. denied*, 130 S. Ct. 2373 (2010).  This is because "[a] contrary rule, one imposing res judicata despite a defendant's agreement or acquiescence in the splitting of the claim, would encourage litigants to engage in dishonest (or at least less than forthright) behavior to gain tactical advantage."  *In re Super Van*, 92 F.3d at 371.

Here, the Prior Lawsuit was pending when Plaintiff filed the Current Lawsuit on August 24,

2018. (Current Lawsuit, doc. 1-1.) After Plaintiff amended the complaint in the Current Lawsuit (docs. 5, 6), Defendant moved to consolidate both cases (doc. 10).[6] Final judgment on the merits was issued in the Prior Lawsuit on January 10, 2019, after the court granted Defendant's motion to dismiss and dismissed all of Plaintiff's claims with prejudice, and granted its motion for summary judgment on its breach of contract counterclaim, holding that it was entitled to judicial foreclosure of the Property. *See Stevens*, 587 F. App'x at 133; *Vines*, 398 F.3d at 705. That final judgment is entitled to res judicata effect. *See In re Matter of Hansler*, 988 F.2d 35, 38 (5th Cir. 1993) ("[t]he first judgment, regardless of when the suits were filed, is given preclusive effect"). The third element has therefore been met.

### B.    <u>Same Claims</u>

Defendant contends that the claims asserted in the Current Lawsuit are identical and arise out of the same nucleus of operative facts as in the Prior Lawsuit. (*See* doc. 26 at 8.) Plaintiff did not respond to this argument. (*See* docs. 31, 33.)

Res judicata extends beyond claims that were actually raised in prior action and bars all claims that "could have been advanced in support of the cause of action on the occasion of its former adjudication . . . ." *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990). Ultimately, the "preclusive effect of [the] prior judgment extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004) (citation omitted). "To determine whether two suits involve the same claim or cause of action, [the Fifth Circuit] has adopted the

---

[6]Because the lawsuits were at materially different stages and consolidation would not enhance judicial efficiency, Defendant's motion to consolidate was denied. (*See* doc. 12.) In light of its unsuccessful motion, there is no indication that Defendant acquiesced to claim splitting or agreed to waive the res judicata defense. *See In re Super Van*, 92 F.3d at 371.

transactional test of the Restatement (Second) of Judgments, § 24." *Id.* Under this test, the "inquiry focuses on whether the two cases under consideration are based on 'the same nucleus of operative facts.'" *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (citations omitted). "[I]t is the nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, that defines the claim." *Id.* Identifying the nucleus of operative facts involves a "pragmatic" approach, "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Test Masters*, 428 F.3d at 571 (citing Restatement (Second) of Judgments, § 24).

In the Prior Lawsuit, Plaintiff sought a determination as to the legitimacy of the mortgage documents and the amounts actually owed and a temporary restraining order to enjoin the foreclosure sale of the Property. (Prior Lawsuit, doc. 1-1 at 10.) His claims were dismissed with prejudice for failure to state a claim. (*Id.*, docs. 41, 42.) Defendant also asserted a counterclaim for breach of contract and sought declaratory judgment that it had the right to judicially foreclose on the Property. (*Id.*, doc. 1-1 at 20.) Plaintiff argued that Defendant lacked standing to foreclose on the Property because its chain of title had not been established and it had failed to produce original copies of the Note and the Deed of Trust. (*Id.*, doc. 20 at 3, 10-11.) Defendant obtained summary judgment on its counterclaim for judicial foreclosure. (*Id.*, docs. 41, 42.)

In this suit, Plaintiff again alleges that Defendant lacks standing to foreclose the Property because it failed to establish its chain of title to the Deed of Trust and has not produced original copies of the Note and the Deed of Trust. (Current Lawsuit, docs. 5 at 13; 6 at 14.) He again seeks to require "Defendant prove their(sic) claim and prove their(sic) loss and prove their(sic) standing" to foreclose.

9

(doc. 5 at 13.)  While Plaintiff describes his claim as a wrongful foreclosure action, the fact that a foreclosure might have taken place between the Prior Lawsuit and the Current Lawsuit does not mean that the basis of the allegations in the Prior Lawsuit are somehow different than those in the current suit.  *See Maxwell v. U.S. Bank Nat. Ass'n*, 544 F. App'x 470, 472-73 (5th Cir. 2013) (affirming finding of res judicata and refusing to accept the plaintiff's argument that the "claims in [the new] case are based on the foreclosure; the prior cases cannot be based on the foreclosure because they were filed prior to the foreclosure"); *see, e.g., Bellot v. Wells Fargo Bank, N.A.*, No. H-13-2014, 2014 WL 2434170, at *5 (S.D. Tex. May 29, 2014) (finding res judicata existed where the plaintiffs raised the same challenges in the present case as they did in the prior case regarding the defendant's ability to pursue foreclosure despite the fact that a foreclosure occurred after the prior lawsuit and before the current lawsuit).  Plaintiff's claims in the Prior Lawsuit and the Current Lawsuit all arise from the same or series of connected transactions, namely the transfer of the Deed of Trust to Defendant and its attempts to pursue its rights under it.  His claims also revolve around his belief that Defendant has no right to possession or to seek foreclosure on the Property without producing original copies of the Note and the Deed of Trust.  Considered together, all of his claims are related in "motivation" and "origin" and form a "convenient trial unit," as he ultimately seeks to retain possession and ownership of the Property due to the alleged "unlawful" actions of Defendants.  *See Sidag Aktiengesellschaft v. Smoked Foods Prods. Co., Inc.*, 776 F.2d 1270, 1274 (5th Cir. 1985) ("[O]ne who has a choice of more than one remedy for a given wrong . . . may not assert them serially, in successive actions, but must advance all at once on pain of bar.") (internal quotations omitted).  The fourth and final element is satisfied.

    Because all the elements of claim preclusion are satisfied, Plaintiff's live claims against

Defendant are barred and should be dismissed with prejudice. *See Butts v. JP Morgan Chase Bank*, No. 3:11-CV-2542-M, 2011 WL 7109344 at *2 (N.D. Tex. Dec. 28, 2011) (dismissing the plaintiff's claims as "barred by res judicata" because "both the instant action and the prior litigation [arose] out of the 'same nucleus of operative facts'—the mortgage loan obtained by [the] plaintiff on the subject property").[7]

## IV.  DOE DEFENDANTS

Plaintiff named "DOE" defendants "who may become known throughout this proceeding," but he offers no description of these defendants, their residency or citizenship, their connection to the Northern District of Texas, or how he would be able to identify these parties, and he asserts no claims against them. (*See* doc. 5 at 2.)

"Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." *Green v. Doe*, 260 F. Appx. 717, *3 (5th Cir. 2007) (citing *Colle v. Brazos County*, 981 F.2d 237, 243 n. 20 (5th Cir. 1993); *see also Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992) (in certain circumstances, a plaintiff should be given the opportunity through discovery to discover the identities of unnamed defendants)). Discovery is warranted when it is possible that a plaintiff could identify unknown defendants by physical descriptions, partial names or nicknames, position, date, time and/or specifics of the incident, or from duty rosters and personnel records, records available to the defendants' representative, or known defendants who were participants in the same incident as the unknown defendant. *See Murphy*, 950 F.2d at 293 (identities of unknown defendants for whom plaintiff provided physical descriptions,

---

[7]Defendant also argues that the doctrine of collateral estoppel prevents this lawsuit. (*See* doc. 26, at 9-10.) Because Plaintiff's claims are subject to dismissal based on the doctrine of res judicata, it is unnecessary to reach this argument.

partial names and positions, could be determined from duty rosters and personnel records); *Green*, 260 F. Appx. 717, at *2 (identity of unknown correctional officer could be determined based on physical description of officer on duty at time and place of incident). The Federal Rules of Civil Procedure "do not authorize [a plaintiff] to maintain suit indefinitely against a fictitious defendant," such as a "John Doe," however. *Warner v. Lear Corp.*, No. 3:15-CV-1878-D, 2017 WL 930829, at *10 (N.D. Tex. Mar. 9, 2017) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1321, at 382 (3d ed. 2004 & Supp. 2016)). Plaintiffs, even those proceeding *pro se*, have a "duty to provide information sufficient to identify the defendants. *Sorrell v. Dallas, TX Bridge Shelter, Staff, Bldg. 2*, No. 3:08-CV-1065-G-BH, 2008 WL 3915347, at *1 (N.D. Tex. Aug. 25, 2008). Courts lack personal jurisdiction over unidentified fictitious defendants. *Id.* (citing *Taylor v. Federal Home Loan Bank Bd.*, 661 F. Supp. 1341, 1350 (N.D. Tex. 1986)).

Because Plaintiff has failed to provide sufficient information to identify the "DOE" Defendants, his claims against them should be dismissed *sua sponte* for lack of personal jurisdiction. *See Randolph v. London*, No. 09-0179-FJP-C, 2010 WL 128318, at *1 n.1 (M.D. La. Jan. 12, 2010), *aff'd by* 400 F. App'x 894 (5th Cir. 2010) (dismissing unidentified John Doe defendant *sua sponte* because "[n]either the Federal Rules of Civil Procedure nor [the relevant statutes] provides authority for joining fictitious defendants in a civil proceeding").[8]

---

[8]The court may *sua sponte* raise the issue of personal jurisdiction, provided that the plaintiff is offered a reasonable opportunity to answer the jurisdictional concerns. *King v. Forest*, No. 3:08-CV-1405-L, 2008 WL 4951049, at *4-5 (N.D. Tex. Nov. 14, 2008) (citing *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatorvskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (approving *sua sponte* dismissal of action)). The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond. *See id.*; *see also Fantroy v. First Financial Bank. N.A.*, No. 3:12-CV-0082-N (BH), 2012 WL 6764551, at *7 (N.D. Tex. Dec. 10, 2012) (citing *Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321 at *3 n.1 (E.D. Tex. Sept. 26, 2008)), adopted by 2013 WL 55669 (N.D. Tex. Jan. 4, 2013).

## V.  RECOMMENDATION

The motion for summary judgment should be **GRANTED**, and all of Plaintiff's claims against Defendant should be **DISMISSED with prejudice**.  Plaintiff's claims against the "DOE" defendants should be *sua sponte* **DISMISSED without prejudice** for lack of personal jurisdiction.

**SO RECOMMENDED** on this 5th day of November, 2019.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE